IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTIAN MICHAEL GRUBER,

                  Plaintiff,

       v.                             CASE NO. 21-3043-SAC

CHRIS WELLS, et al.,

                  Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

### I.  Nature of the Matter before the Court

Plaintiff, a pretrial detainee at Osage County Jail (OCJ), filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 1, 6.) Plaintiff names three defendants:  Osage County Sheriff Chris Wells, OCJ Supervisor Gerry Nitcher, and Lieutenant Josh Shepard. *Id.* at 1-3. As the factual background for this complaint, Plaintiff alleges that he is housed in a cell that has black mold, leaks water, and floods with water when it rains. *Id.* at 2.

As Count I of his complaint, Plaintiff claims that Defendants violated his rights as a pretrial detainee under the Fourteenth Amendment to the United States Constitution. *Id.* at 4. In support, he alleges that on January 26, 2021, Defendant Shepard ordered him moved from Cell 10 to Cell 7. *Id.* at 5. Plaintiff objected because he knew Cell 7 "leaks water through the walls and floods when it

rains." *Id.* Deputies forcibly moved Plaintiff to Cell 7, where he "noticed that there [was] black mold growing in the shower." *Id.* Plaintiff filed a grievance seeking to move to another cell, which was denied. *Id.*

As Count II, Plaintiff claims that Defendant Nitcher's denial of the grievance referred to above constituted deliberate indifference to Plaintiff's health and safety. *Id.* at 6. In support, Plaintiff alleges that he "already has a medical issue due to the conditions"—he was diagnosed with a "skin fungus on [his] back." *Id.* Plaintiff's request for relief includes declaratory relief, nominal damages, compensatory damages, and costs. *Id.* at 8.

## II.  Motion for Extension of Time (Doc. 4.)

On February 18, 2021, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis* and assessing an initial partial filing fee of $2.50, due on or before March 4, 2021. (Doc. 3.) On March 9, 2021, Plaintiff filed a motion for extension of time to pay the initial partial filing fee. (Doc. 4.) Because Plaintiff has now paid the initial partial filing fee (Doc. 6), the Court will deny Plaintiff's motion for extension of time as moot.

## III. Current Address

When Plaintiff filed his complaint on February 11, 2021, he indicated that his return address was the OCJ. (Doc. 1, p. 1.) On

March 9, 2021, the Court received a document from Plaintiff in an
envelope that indicated his address changed to Lyon County Jail.
(Doc. 5) Similarly, on April 28, 2021, the Court received mail
from Plaintiff in an envelope that indicated Plaintiff had returned
to the OCJ. (Doc. 6.)

As of the date of this order, Plaintiff does not appear on
the OCJ's current in-custody list, and he has not provided the
Court with his new address. Consequently, it appears Plaintiff has
failed to comply with rules of the Court which require every party,
including a party proceeding pro se, to notify the Court in writing
of a change of address. D. Kan. R. 5.1(c). Therefore, the Court
will direct Plaintiff to show cause why this matter should not be
dismissed without prejudice for lack of prosecution.

**IV.  Screening Standards**

Because Plaintiff was a prisoner at the time he filed his
complaint, the court is required by statute to screen his complaint
and to dismiss the complaint or any portion thereof that is
frivolous, fails to state a claim on which relief may be granted,
or seeks relief from a defendant immune from such relief. 28 U.S.C.
§ 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**V. Discussion**

**A. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the
violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has

"nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

### 1. Failure to Allege Personal Participation by Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

As a result, Plaintiff must not only name each defendant in the caption of the complaint[1], he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights. With respect to Defendants Wells and Nitcher, Plaintiff has failed to allege sufficient personal involvement.

### Defendant Wells

In the facts alleged to support Count 1, Plaintiff makes no mention of Defendant Wells. (Doc. 1, p. 5.) In the facts alleged to support Count 2, Plaintiff states only: "Because of everything stated, Sheriff Chris Wells is also responsible because he holds authority over all jailers and is responsible for the Health and Safety of all inmates here at the jail." *Id.* at 6.

To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because "vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that [Defendant Wills], through

---

[1] Plaintiff is advised that if he chooses to file an amended complaint, he should ensure that all defendants are named in the caption of the case.

[his] own actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676.

### Defendant Nitcher

In the facts alleged to support Count 1, Plaintiff states: "SGT. Gerry Nitcher is the jail supervisor and has authority over all decisions made at jail and he is in charge of all other staff." (Doc. 1, p. 5.) For the reasons stated above, this general assertion of Defendant Nitcher's supervisory authority is not sufficient to show the direct personal participation required for a § 1983 claim.

In the facts alleged to support Count 2, Plaintiff asserts that Defendant Nitcher denied the grievance Plaintiff filed regarding the black mold, leaks, and flooding in his cell. (Doc. 1, p. 6.) But an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

### 2. Failure to Allege a Federal Constitutional Violation

Under the Due Process Clause of the Fourteenth Amendment, jail personnel must provide adequate clothing, shelter, and

safety. *See*, *e.g.*, *Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018) (stating that "[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment," but courts "apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983"). Plaintiff claims that the conditions in Cell 7 violated his constitutional rights. The conditions in which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

The Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To state a claim for relief in this context, Plaintiff must establish "deliberate indifference." This standard has both objective and subjective components. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

A prisoner satisfies the objective component by alleging facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner satisfies the subjective component by showing that the defendant official acted with a "sufficiently culpable state of mind." *Id.* at 834. The prisoner must show that

the defendant knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist, and he must also draw the inference." *Id.* at 837. It is not enough to assert that the official should have known of the risk of harm. *Id.*

The sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2011) (citation omitted). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

Plaintiff's allegations regarding the conditions of Cell 7 do not rise to the level of a constitutional violation. Plaintiff does not allege the length of time he spent housed in the cell.[2]

---

[2] The complaint alleges that Plaintiff was placed in the new cell on or about January 26, 2021. (Doc. 1, p. 5.) It appears that by March 6, 2021, Plaintiff was being housed at the Lyon County Jail. (*See* Doc. 4-1.)

He does not explain how often water leaked into the cell, how much water entered the cell when it rained, or whether it rained while he was housed in the cell. *See Robles v. Curry Cty. Detention Ctr.*, 2020 WL 2085241 *2 (D. N.M. May 29, 2020) (holding that the allegation of a "leaky" toilet did not state a constitutional claim where the plaintiff provided "no information about the amount of water in the cell or whether the toilet still functioned").

With respect to the mold, Plaintiff does not describe the extent of the mold in Cell 7, other than to say it was "growing in the shower," nor does he allege that the mold is toxic, as opposed to mold that is simply black in color. *See Dale v. Friend*, 2021 WL 308154, *3 (D. Kan. Jan. 29, 2021) (citing *Silsby v. Sloan*, 2019 WL 21073212, *3 (N.D. Ohio May 14, 2019)). "A 'bare allegation of [the presence of] mold . . . does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Id.* (citations omitted).

Plaintiff also refers to a diagnosed skin fungus from which he suffers, but he does not identify the fungus and he makes only a conclusory assertion that he has "a medical issue due to the conditions." (Doc. 1, p. 6.) He does not explain how the conditions in Cell 7 caused his "medical issue," presumably the skin fungus. In short, even taking all allegations in the Complaint as true, Plaintiff does not allege sufficient facts to state a plausible

claim that the conditions of confinement at the OCJ violated his due process rights as a pretrial detainee.

## VI.   Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[3]  Plaintiff is given time to file an amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of

---

[3] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (21-3043-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 22, 2021,** in which to show good cause, in writing, why the complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 22, 2021,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 22nd day of July, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
SAM A. CROW
U.S. Senior District Judge