**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTIAN MICHAEL GRUBER,**

                **Plaintiff,**

    v.                                              **CASE NO. 21-3043-SAC**

**CHRIS WELLS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

**I. Nature of the Matter before the Court**

Plaintiff, who is now incarcerated at Lansing Correctional Facility, filed this pro se civil action pursuant to 42 U.S.C. § 1983 on February 11, 2021, concerning events that occurred while he was a pretrial detainee being held in the Osage County Jail. (Doc. 1, p. 1, 6; Doc. 12.) In his complaint, Plaintiff named three defendants: Osage County Sheriff Chris Wells, OCJ Supervisor Gerry Nitcher, and Lieutenant Josh Shepard. (Doc. 1, p. 1-3.) As the factual background for this complaint, Plaintiff alleged that he was housed in a cell that had black mold, leaked water, and flooded with water when it rained. *Id.* at 2.

As Count I of his complaint, Plaintiff claimed that Defendants violated his rights as a pretrial detainee under the Fourteenth Amendment to the United States Constitution. *Id.* at 4. In support, he alleged that on January 26, 2021, Defendant Shepard ordered him

1

moved from Cell 10 to Cell 7. *Id.* at 5. Plaintiff objected because he knew Cell 7 "leaks water through the walls and floods when it rains." *Id.* Deputies forcibly moved Plaintiff to Cell 7, where he "noticed that there [was] black mold growing in the shower." *Id.* Plaintiff filed a grievance seeking to move to another cell, which was denied. *Id.*

As Count II, Plaintiff claimed that Defendant Nitcher's denial of the grievance referred to above constituted deliberate indifference to Plaintiff's health and safety. *Id.* at 6. In support, Plaintiff alleged that he "already has a medical issue due to the conditions"—he was diagnosed with a "skin fungus on [his] back." *Id.* Plaintiff's request for relief included declaratory relief, nominal damages, compensatory damages, and costs. *Id.* at 8.

**II. Initial Screening**

Because Plaintiff was a prisoner when he filed his complaint, the court was required by statute to screen his complaint and to dismiss the complaint or any portion thereof that was frivolous, failed to state a claim on which relief may be granted, or sought relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

After screening the complaint, the court issued a memorandum and order to show cause (MOSC) identifying certain deficiencies therein that led the Court to conclude that the complaint was

2

subject to dismissal. (Doc. 7.) Specifically, the court pointed out that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court concluded that Plaintiff failed to adequately allege the required personal participation by Defendants Wells and Nitcher. (Doc. 7, p. 6-7.)

In addition, the court pointed out in the MOSC that to allege a plausible Fourteenth Amendment claim based on conditions of confinement, Plaintiff was required to show deliberative indifference, which requires (1) alleging facts showing that he has been "incarcerated under conditions posing a substantial risk of serious harm," and (2) alleging facts showing that each defendant knew of and disregarded "an excessive risk to inmate health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The allegations regarding the conditions of Cell 7 did not rise to the level of a constitutional violation. Plaintiff did not

3

allege the amount of time he spent in Cell 7, he did not explain how often water leaked into the cell, how much water leaked in, or whether water leaked in while he was housed in the cell. (Doc. 7, p. 9-10.)

Similarly, Plaintiff did not describe the extent of the black mold or allege that the mold was toxic, nor did he identify the skin fungus with which he was diagnosed or explain how the conditions in Cell 7 caused or exacerbated the fungus. *Id.* at 10. Thus, the court concluded that Plaintiff had failed to allege sufficient facts to state a plausible claim that the conditions of confinement at the OCJ violated his constitutional rights as a pretrial detainee. *Id.* at 10-11. In the MOSC, the court granted Plaintiff the opportunity to show cause why his complaint should not be dismissed or, in the alternative, to file a complete and proper amended complaint that cures the deficiencies. *Id.* at 11.

## III. Amended Complaint

Plaintiff filed his amended complaint on October 5, 2021 and the amended complaint now comes before the court for the statutorily required screening. As Plaintiff was informed in the MOSC, the amended complaint is not an addendum to the initial complaint—it completely replaces it. *Id.* at 11, n.3. Thus, the court screens the amended complaint based only on the allegations therein and does not refer back to the initial complaint.

Unfortunately, the amended complaint does not cure the deficiencies the MOSC identified in the initial complaint and it contains additional deficiencies as well.

First, the identity of the defendants to the amended complaint is unclear. In the caption, Plaintiff identifies the defendants as "Chris Wells, Gerry Nitcher[,] et al." (Doc. 11, p. 1.) In the portion of the amended complaint for identifying individual defendants, however, Plaintiff merely lists Chris Wells twice. *Id.* at 1-2. Second, the amended complaint—like the initial complaint—refers the court to separate pages for additional explanation and facts in support of Count I and Count II. *Id.* at 3. Unlike the initial complaint, however, the amended complaint does not contain a separate page related to Count II. Thus, the factual and legal basis for Count II of the amended complaint is also unclear.

In any event, even liberally construing the amended complaint to name both Wells and Nitcher as defendants, the amended complaint does not allege any personal participation by either Wells or Nitcher beyond what was alleged in the initial complaint. The amended complaint asserts only that Defendant Wells is liable because of his supervisory role as Sheriff, which Plaintiff asserts means that "[a]ll decisions are made final by him [and a]ll Rule are ran by and approved by him." *Id.* at 1. Similarly, the only allegation regarding Nitcher is that he "is the jail supervisor

5

and has authority over all decisions made at jail and he is in charge of all other staff." *Id.* at 4.

As noted in the MOSC, "vicarious liability is inapplicable to . . . § 1983 suits," so in order to plead a plausible claim against Wells or Nitcher, Plaintiff must show that he did more than just have "abstract authority over individuals who actually committed a constitutional violation." (Doc. 7, p. 6-7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,676 (2009), and *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)). Plaintiff must plead that Wills and Nitcher, each through his own actions, violated the Constitution. (Doc. 7, p. 7.) He has not done so in the amended complaint.

Finally, the amended complaint does not include sufficient additional facts to show that the conditions Plaintiff suffered in Cell 7 rose to the level of a constitutional violation. As noted in the MOSC, an allegation of mold does not by itself "create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary" to succeed on a conditions-of-confinement claim. *Id.* at 10 (quoting *Dale v. Friend*, 2021 WL 308154, *3 (D. Kan. Jan 29, 2021)). Thus, the amended complaint does not establish deliberate indifference, as required. It does not allege sufficient facts to support a plausible claim that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm, that Wells or Nitcher was aware of facts supporting an inference that Plaintiff was at

substantial risk of serious harm, or that either Wells or Nitcher drew that inference.

**IV. Conclusion**

For all of these reasons, the amended complaint does not cure the deficiencies the court identified in the MOSC that rendered this matter subject to dismissal in its entirety. Accordingly, the court will dismiss this matter for failure to state a claim upon which relief can be granted.

The court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA). Section 1915(g) of the PLRA provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

Thus, if Plaintiff accumulates two more strikes, he will be unable to proceed in forma pauperis in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

7

**IT IS SO ORDERED.**

DATED:  This 6th day of January, 2022, at Topeka, Kansas.


                        S/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge